JUDGE SPRIZZO

Thomas A. Egan, Esq. (TE-0141)
Richard A. Williamson, Esq. (RW-3033)
FLEMMING ZULACK WILLIAMSON ZAUDERER LLP
One Liberty Plaza
New York, New York 10006
(212) 412-9500
Attorneys for Plaintiffs Crown Holdings, Inc., Crown
  Americas LLC and Foreign Manufacturers Finance
  Corporation

08 CV 02555

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
CROWN HOLDINGS, INC., CROWN           : 08 CV
AMERICAS LLC and FOREIGN              :
MANUFACTURERS FINANCE CORPORATION,    :
                                      : ECF
          Plaintiffs,                 :
                                      :
     -against-                        : **COMPLAINT SEEKING**
                                      : **DECLARATORY JUDGMENT**
ENVASES DEL PLATA S.A., ENVASES DEL   :
PILAR INVERSIONES S.A., DANIEL        :
RODRIGUEZ and JUAN DE DIOS RODRIGUEZ, :
                                      :
          Defendants.                 :
                                      :
------------------------------------------------------------- x

RECEIVED MAR 1 4 2008 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiffs Crown Holdings, Inc. ("Crown Holdings"), Crown Americas LLC ("Crown Americas") and Foreign Manufacturers Finance Corporation ("FMFC") (collectively, the "Plaintiffs"), by their attorneys, Flemming Zulack Williamson Zauderer LLP, for their complaint seeking a declaratory judgment against defendants Envases del Plata S.A. ("Envases del Plata"),

Envases del Pilar Inversiones S.A. ("Envases del Pilar")[1], Daniel Rodriguez and Juan de Dios Rodriguez (collectively, the "Defendants"), hereby allege as follows:

## NATURE OF THE ACTION

1. In this action, Plaintiffs seek a declaratory judgment declaring that any and all disputes between Defendants and Plaintiffs arising out of or relating to the potential sale of a company known as Crown Packaging Argentina S.A. ("Crown Argentina") by Plaintiffs (or any one or more of them) to Defendants (or any one or more of them) or arising out of or relating to the negotiations, discussions or any other activity associated with that potential sale or the failure to effectuate that potential sale may only be brought and resolved in an arbitration held in New York, New York and administered by the International Chamber of Commerce in accordance with its International Arbitration rules.

2. This action is brought pursuant to the authority to seek such a declaratory judgment provided by 28 U.S.C. § 2201.

## SUBJECT MATTER JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. § 1332(a)(2) in that the value of the matter in controversy exceeds $75,000 and in that all Plaintiffs are citizens of one of the States of the United States of America and all Defendants are citizens of a foreign state.

4. Venue of this action is properly laid in the Southern District of New York pursuant to 28 U.S.C. §§ 1391.

---

[1] Although certain documents provided by defendants to plaintiffs have identified this defendant by the name "Envases del Pilar Inversora S.A.", the mediation proceedings commenced in Argentina, see ¶ 24, infra, identify this defendant as Envases del Pilar Inversiones S.A."

## THE PARTIES

5.  Plaintiff Crown Holdings is, and, at all relevant times, was, a corporation organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business at One Crown Way, Philadelphia, Pennsylvania. Crown Holdings is the parent corporation of plaintiffs Crown Americas and FMFC.

6.  Plaintiff Crown Americas is, and, at all relevant times, was, a limited liability company organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business at One Crown Way, Philadelphia, Pennsylvania. In 2007 and until Crown Argentina was sold to a third-party on December 21, 2007, Crown Americas was one of the two shareholders in Crown Argentina.

7.  Plaintiff FMFC is, and at all relevant times, was, a corporation organized under the laws of the State of Delaware, with a principal place of business at One Crown Way, Philadelphia, Pennsylvania. In 2007 and until Crown Argentina was sold to a third-party on December 21, 2007, FMFC was the other shareholder in Crown Argentina.

8.  Upon information and belief, defendant Envases del Plata is a corporation organized under the laws of the Republic of Argentina, with a principal place of business in Buenos Aires, Argentina.

9.  Upon information and belief, defendant Envases del Pilar is a corporation organized under the laws of the Republic of Argentina, with a principal place of business in Buenos Aires, Argentina.

10. Upon information and belief, defendant Daniel Rodriguez is a citizen of the Republic of Argentina.

11. Upon information and belief, defendant Juan de Dios Rodriguez is a citizen of the Republic of Argentina.

12. Upon information and belief, defendants Daniel Rodriguez and Juan de Dios Rodriguez are, and, at all relevant times, were, the sole shareholders of both defendant Envases del Plata and Envases del Pilar.

## CLAIM FOR RELIEF
### (Declaratory Judgment)

13. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 12 above as if fully set forth herein.

14. During 2007, plaintiff Crown Holdings, the parent company of plaintiffs Crown Americas and FMFC, determined to sell Crown Argentina, (an Argentinean company engaged in the manufacture of metal and plastic packaging), which was then wholly owned by Crown Americas and FMFC.

15. In connection with that determination, Crown Holdings engaged in discussions concerning such a potential sale of Crown Argentina with several potential buyers, including defendant Envases del Plata, an Argentinean manufacturer of aluminum packaging including aerosol cans, and Envases del Plata's principals and controlling shareholders, defendants Daniel Rodriguez and Juan de Dios Rodriguez.

16. As is customary in connection with a potential transaction for the sale of business, Crown Holdings insisted that, as a prerequisite to any negotiations, Envases del Plata and its principals, Daniel Rodriguez and Juan de Dios Rodriguez, enter into a "Non-Disclosure Agreement" with Crown Holdings "and its affiliated companies" concerning discussions between them relating to any "potential transaction involving Crown's Argentina packaging business" (*i.e.*, Crown Argentina). See Non-Disclosure Agreement, a copy of which is attached

as Exhibit 1. As is also customary in connection with a potential transaction for the sale of a business, the Non-Disclosure Agreement addressed issues beyond the protection of such confidential information as Plaintiffs might share with Defendants in connection with the contemplated negotiations and included other terms governing the "ground rules" for the contemplated purchase and sale negotiations. Such "ground rules" included a dispute resolution clause governing the manner in which and the location where any disputes would be resolved.

17. On May 9, 2007, Crown Holdings entered into such a Non-Disclosure Agreement with defendant Envases del Plata and its principals, defendants Daniel Rodriguez and Juan de Dios Rodriguez. A copy of this Non-Disclosure Agreement is attached as Exhibit 1.

18. Plaintiffs Crown Americas and FMFC are "affiliated companies" to Crown Holdings within the meaning of that phrase as used in the Non-Disclosure Agreement, and, therefore, benefit from the provisions and protections therein.

19. Among the terms of this Non-Disclosure Agreement agreed to by Crown Holdings "and its affiliated companies", on the one hand, and Envases del Plata and its principals, Daniel Rodriguez and Juan de Dios Rodriguez, on the other, was:

> This Agreement and any dispute arising under or related thereto (whether for breach of contract, tortious conduct or otherwise) shall be governed by the laws of the State of New York without reference to its conflicts of law principles. Each party irrevocably consents and agrees that any legal action, suit or proceeding against either of them **arising out of or in connection with the transaction contemplated hereby or disputes relating hereto may be brought only and finally settled by arbitration administered by the International Chamber of Commerce (ICC) in accordance with its International Arbitration rules. The situs of the arbitration shall be in New York, New York USA** and such other location(s) as shall be requested by this arbitration and agreed to by the parties. The arbitration proceedings shall be held in English.

Non-Disclosure Agreement, p. 3 (emphases added).

20. Thereafter, Crown Holdings continued discussions with defendant Envases del Plata and its principals, defendants Daniel Rodriguez and Juan de Dios Rodriguez, concerning the terms under which Crown Americas and FMFC might sell their ownership interest in Crown Argentina to Envases del Plata or another company owned and controlled by Daniel Rodriguez and Juan de Dios Rodriguez. During the course of these discussions, Daniel Rodriguez and Juan de Dios Rodriguez informed Crown Holdings that they intended to form another company, defendant Envases del Pilar, for the special purpose of purchasing the shares of Crown Argentina owned by Crown Americas and FMFC.

21. Ultimately, the discussions between Plaintiffs and Defendants concerning the potential purchase of Crown Argentina were not successful and Crown Holdings and its affiliates, Crown Americas and FMFC, negotiated the sale of Crown Argentina to a third-party other than Defendants.

22. On December 21, 2007, Crown Americas and FMFC entered into an agreement in New York with a third-party to sell their ownership interests in Crown Argentina to that third-party.

23. On February 22, 2008, defendants Envases del Plata and Envases del Pilar, at the behest of their principals, defendants Daniel Rodriguez and Juan de Dios Rodriguez, commenced a mediation within the Argentinean courts against plaintiffs Crown Americas and FMFC (incorrectly named therein as "Manufacturers Finance Corporation") seeking damages arising from the sale of Crown Argentina to the third-party. Under Argentinean law, the initiation and completion of such a mediation is a mandatory prerequisite to the institution of a law suit for damages.

24.    The commencement of legal proceedings against plaintiffs Crown Americas and FMFC by defendants Envases del Plata and Envases del Pilar, at the behest of their principals, defendants Daniel Rodriguez and Juan de Dios Rodriguez, by the initiation of the Argentinean mediation was a direct breach of the terms of the Non-Disclosure Agreement, which required that "any legal action, suit or proceeding against either of them arising out of or in connection with the [Defendants' contemplated potential purchase of Crown Argentina] or disputes relating hereto may be brought only and finally settled by arbitration administered by the International Chamber of Commerce (ICC) in accordance with its International Arbitration rules" and which required that such an arbitration be brought in the City and State of New York. *See* ¶ 19, *supra*.

25.    The first session of the Argentinean mediation has already been held. During that first session, the representatives of Defendants informed the representatives of plaintiffs Crown Americas and FMFC that Defendants intended to seek damages in excess of US$75,000 arising from the failure of such parties to sell Crown Argentina to Defendants.

26.    Accordingly, by reason of Defendants' breach of the explicit terms of the Non-Disclosure Agreement, Plaintiffs are entitled to a judgment against Defendants declaring that any and all disputes between Defendants and Plaintiffs arising out of or relating to the potential sale of Crown Argentina by Plaintiffs (or any one or more of them) to Defendants (or any one or more of them) or arising out of or relating to the negotiations, discussions or any other activity associated with that potential sale or the failure to effectuate that potential sale may only be brought and resolved in an arbitration held in New York, New York, and administered by the International Chamber of Commerce in accordance with its International Arbitration rules.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

a. Declaring that any and all disputes between Defendants and Plaintiffs arising out of or relating to the potential sale of Crown Argentina by Plaintiffs (or any one or more of them) to Defendants (or any one or more of them) or arising out of or relating to the negotiations, discussions or any other activity associated with that potential sale or the failure to effectuate that potential sale may only be brought and resolved in an arbitration held in New York, New York, and administered by the International Chamber of Commerce in accordance with its International Arbitration rules; and

b. awarding to Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       March 14, 2008

        Respectfully submitted,

        FLEMMING ZULACK WILLIAMSON ZAUDERER LLP
        Attorneys for Plaintiffs Crown Holdings, Inc., Crown Americas
          LLC and Foreign Manufacturers Finance Corporation


        By: _/s/ Thomas A. Egan_____
            Thomas A. Egan, Esq. (TE-0141)
            Richard A. Williamson, Esq.
        One Liberty Plaza
        New York, New York 10006
        (212) 412-9500

302436

Case 1:08-cv-02555-JES    Document 1    Filed 03/14/2008    Page 9 of 13

Exhibit 1

Crown Holdings, Inc.
One Crown Way
Philadelphia, PA 19154-4599
tel 215-698-5100



Brand-Building Packaging™

## NON-DISCLOSURE AGREEMENT

This AGREEMENT is made by and between Crown Holdings, Inc. having an office at One Crown Way, Philadelphia, Pennsylvania 19154-4599, and its affiliated companies (hereafter collectively "Crown") and Daniel Rodriguez and Juan de Dios Rodriguez (h) having an office at Av. Guillermo Marconi 1035, (B1685ABO) El Palomar, Provincia de Buenos Aires, Republica Argentina (hereafter the "Company").

The parties hereto wish to discuss a potential transaction involving Crown's Argentina packaging business (hereinafter the "Project"). In connection with such discussions, Crown may wish to disclose to the Company certain secret and proprietary information concerning the finances, operations, assets, liabilities, products, techniques and/or product development plans with respect to the Project (hereinafter "Confidential Business Information").

Confidential Business Information, however, shall not include information which:

a) is already in the Company's possession at the time of receiving same from Crown as evidenced by documentation to that effect;

b) has become published or available within the public domain otherwise than as a consequence of a breach of this Agreement;

c) which is or becomes available to the Company by an independent third party who is not under an obligation of confidentiality to Crown; or

d) which is independently developed by employees of the Company who have not had access to the Confidential Business Information.

The Company may disclose the Confidential Business Information to its Representatives to the extent that it is necessary for evaluating the Confidential Business Information. The Company will cause such Representatives to treat such information confidentially and to comply with this Agreement.

The Company will take all reasonable steps to minimize the risk of disclosure of the Confidential Business Information by ensuring that only persons whose duties require them to possess the Confidential Business Information will have access thereto, and all such persons will be instructed and cause to treat the Confidential Business Information as confidential and not to disclose it to any other person.

In the event that the Company or any third party to whom the Company transmits the Confidential Business Information as permitted by this Agreement become legally compelled to disclose any of the Confidential Business Information, the Company will provide Crown with prompt written notice so that Crown may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Agreement. In the event that either such protective order to remedy is not obtained or Crown waives compliance with the provisions of this Agreement, the Company will furnish only that portion of the Confidential Business Information which it is legally required.

The Company agrees that, without Crown's prior written consent, the Company and its representatives will not disclose to any other person the fact that the Confidential Business Information has been made available to the Company that discussions or negotiations are taking place concerning a possible transaction involving the Confidential Business Information or any of the terms, conditions or other facts with respect thereto (including the status thereof), unless in the written opinion of the Company's counsel such disclosure is required by law and then only with as much prior written notice to Crown as is practical under the circumstances.

The Company agrees to refrain (and to cause Envases del Plata, a leading Argentine packaging company controlled by Messrs. Juan de Dios and Daniel Rodriguez, to refrain) from direct or indirect approaches to officers and employees of Crown with whom the Company has had contact, or of whose identity the Company has become aware, during the course of its evaluation of the Confidential Business Information while the Company is evaluating the Confidential Business Information and for a period of two (2) years after the parties cease discussions regarding the Project. Such two year period shall be measured from, and expire two years following the date of the last contact by the Company or any of its representatives with any officer or employee of Crown for the purposes hereof.

The Confidential Business Information, together with any copies thereof, except for the portion of the Confidential Business Information which consists of analyses, compilations, designs, studies or other documents prepared by the Company or their representatives will be returned to Crown immediately upon written request of Crown and the Company will not retain any extra copies or extracts thereof. That portion of the Confidential Business Information which consists of analyses, compilations, designs, studies or other documents prepared by the Company or their representatives shall be destroyed prior to the expiry of the term of this Agreement.

The Company understands and acknowledges that neither Crown nor any of its Representatives make any representation or warranty, express or implied, as to the accuracy or completeness of the Confidential Business Information. The Company agrees that neither Crown nor any of its Representatives shall have any liability to the Company or any of its Representatives relating to or resulting from the use of the Confidential Business Information. Only those representations or warranties, which are made in a final definitive agreement regarding the possible transaction, contemplated hereby, when, as and if

executed, and subject to such limitations and restrictions as may be specified therein, will have any legal effect.

It is understood and agreed that no failure or delay by Crown in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right, power or privilege hereunder.

The Company agrees that this Agreement shall enure to the benefit of Crown and its respective successors and assigns. This Agreement shall be assignable only with Crown's prior written consent.

All right, title and interest in and to the Confidential Business Information shall remain the exclusive property of Crown. No interest, license or any right respecting the Confidential Business Information, other than as expressly set out herein, is granted to us under this Agreement, by implication or otherwise.

The present Agreement shall have a term of six months from its date of execution by the Parties. Notwithstanding such term, any of the Parties may terminate this Agreement before its expiration, without right to any claim from the other for such anticipated termination, by means of the delivery of 15-days advance notice indication of such decision.

Unless otherwise should be reasonably interpreted, all obligations contained in this Agreement commenced effective as of the date of this Agreement and will survive for a period of three (3) years from its date of termination according to the above paragraph.

The Company agrees that in the event of any breach of this agreement, Crown may be irreparably harmed and may not be made whole by monetary damages. It is accordingly agreed that Crown, in addition to any other remedy to which it may be entitled in law or equity, shall be entitled to an injunction to prevent breach of this agreement, and to compel specific performance of this agreement without the need for proof of actual damages. The Company agrees to waive any requirement for securing or posting of bond in connection with such remedy.

This Agreement and any dispute arising under or related thereto (whether for breach of contract, tortious conduct or otherwise) shall be governed by the laws of the State of New York without reference to its conflicts of law principles. Each party irrevocably consents and agrees that any legal action, suit or proceeding against either of them arising out of or in connection with the transaction contemplated hereby or disputes relating hereto may be brought only and finally settled by arbitration administered by the International Chamber of Commerce (ICC) in accordance with its International Arbitration rules. The situs of the arbitration shall be in New York, New York USA and such other locations(s) as shall be requested by this arbitration and agreed to by the parties. The arbitration proceedings shall be held in English.

Nothing contained herein shall be interpreted as a limitation to any of both Parties to negotiate or enter into similar or like agreements with third parties hereto during the term of this Agreement.

By and on behalf of:

Crown Holdings, Inc.

Signature: _____
Torsten J. Kreider
V.P., Planning & Development
Date: May 9, 2007

Envases del Plata S.A.

Signature: _____
Daniel Rodriguez
Controlling Shareholder
Date:

Signature: _____
Juan de Dios Rodriguez (h)
Controlling Shareholder
Date:

Controlling Shareholders of
Envases del Plata S.A.